# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| CHRISTIAN LUBINSKI, individually and on behalf of all other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> HUB GROUP TRUCKING, INC., F/K/A COMTRAK LOGISTICS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 2:14-cv-02843-JPM-dkv |

**ORDER DENYING DEFENDANT'S MOTION TO STAY FURTHER DISCOVERY PENDING DECISION BY THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT**

Before the Court is Defendant's Motion to Stay Further Discovery Pending Decision by the United States Court of Appeals for the Seventh Circuit, filed July 15, 2015. (ECF No. 53.) In the Motion, Defendant Hub Group Trucking, Inc. ("HGT"), requests the Court to "stay further discovery pending a final decision by the United States Court of Appeals for the Seventh Circuit in Costello v. Beavex, Inc., Case No. 15-1110." (ECF No. 53 at 1.) Plaintiff Christian Lubinski responded in opposition to the motion on July 28, 2015. (ECF No. 57.)

"A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court." Sentell v. Tenn., No 3:12-CV-593, 2013 WL 3297124, at *1 (E.D. Tenn.

June 28, 2013) (citing Chrysler Corp. v. Fedders Corp., 643 F.2d 1229 (6th Cir. 1981)). Trial courts have both broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined. Bangas v. Potter, 145 F. App'x 139, 141 (6th Cir. 2005) (citing Hahn v. Star Bank, 190 F.3d 708, 719 (6th Cir. 1999)). Courts may therefore stay discovery for "good cause" to protect a party from "undue burden or expense." Fed. R. Civ. P. 26(c)(1).

When considering a motion for stay, courts must "weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." Bolletino v. Celluar Sales of Knowxville, Inc., No. 3:12-cv-138, 2012 WL 3263941, at *2 (E.D. Tenn. Aug. 9, 2012). Stays are favored where a case can be resolved "based on legal determinations that could not be altered by any further discovery." Muzquiz v. W.A. Foot Mem'l Hosp., Inc., 70 F.3d 422, 430 (6th Cir. 1995). "Only in rare circumstances[, however,] will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." Landis v. N. Am. Co., 299 U.S. 248, 255 (1936); see also Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div., 565 F.2d 393, 396 (6th Cir. 1977). "The suppliant for a stay must make out a clear case of hardship or inequity in being required to go

forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." Id. at 166. "[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." Ohio Entl. Council, 565 F.2d at 396. "Furthermore, even if the reasons for the stay are proper, the stay itself 'is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description.'" Id. (quoting Landis, 299 U.S. at 257).

HGT argues that good cause exists to stay the instant case "because the Seventh Circuit will decide FAAA Act preemption in the context of the Illinois statute that is the sole basis for Plaintiff's Complaint — the IWPCA." (ECF No. 54 at 4.) HGT avers that "FAAA Act preemption is a dispositive ground for dismissing Plaintiff's entire Complaint." (Id.) HGT contends that even though Costello is not binding on the Court, "Costello has many parallels to this case, and the Seventh Circuit's ruling likely will provide a roadmap for both the parties and the Court for how the preemption issue should be analyzed." (Id. at 5.) HGT further asserts that relevant to the issues raised in the present case, Costello will resolve issues

regarding "class certification under the IWPCA for a putative class of independent contractor couriers." (Id.)

HGT also argues that it would experience hardship should the Court decide not to enter a stay of proceedings because

> Plaintiff likely will move to certify such a class, resulting in broad and burdensome discovery, numerous depositions, and requiring HGT unnecessarily to expend large amounts of money and other resources defending a claim when the Seventh Circuit's ruling may confirm that the claim is preempted by the FAAA Act or, if not preempted, is inappropriate for class treatment.

(Id. at 6.) HGT avers that Lubinski and other putative class members will not suffer prejudice as a result of the stay because they will also be able to "avoid making a large investment of time and money in a case that the Seventh Circuit ruling may render very weak." (Id.) For these reasons, HGT concludes that the balance of the interests supports a stay in the instant case. (Id. at 6-7.)

Lubinski contends that a stay of proceedings pending the Seventh Circuit's ruling in Costello would indefinitely delay the instant case. (ECF No. 57 at 4-5.) Lubinski asserts that because oral argument is set for September 18, 2015 and the losing party may appeal the decision to the Supreme Court, "it could be several years before the issues in Costello are decided." (Id. at 5 (citing Patent Compliance Grp., Inc. v. Hunter Fan Co., No. 10-2442, 2010 WL 3503818 (W.D. Tenn. Sept. 1, 2010)).) Lubinski further argues that "a stay of proceedings

4

in the instant case is improper because Costello would not in any event be binding upon this Court." (Id.) Lubinski avers that "there is simply no precedent for the proposition that the Court should order a stay of proceedings pending the non-binding outcome of a case involving wholly separate litigants and facts." (Id. at 6.)

Finally, Lubinski argues that a stay of proceedings would prejudice him and the putative class. Lubinski asserts that he and the putative class members "have a right to a determination of their rights and liabilities 'without undue delay.'" (Id. (quoting Ohio Entl. Council, 565 F.2d at 396).) Lubinski further asserts that he would suffer prejudice from a stay because the passing of "time inevitably erodes witness recollection and increases the likelihood that evidence may be disposed of, lost, or otherwise compromised." (Id.) Lubinski also asserts "that each day of delay translates as another day of lost income" for him and the putative class members. (Id. at 6-7.)

The Court agrees with Lubinski. Because the Seventh Circuit's decision in Costello will not be binding on the Court, it will not conclusively resolve any of the legal issues raised in the instant case. Moreover, there is no assurance that the Seventh Circuit will issue an opinion within a reasonable time. Consequently, HGT has not satisfied its burden "to show that

there is pressing need for delay." See Ohio Entl. Council, 565 F.2d at 396.

The balance of the hardships also favors denial of a stay of these proceedings. Lubinski has a right to adjudication of his claims without undue delay, and the interest in preserving evidence for claims that go back as far as ten years prior to the filing of the instant case is substantial. In contrast, the hardship that HGT would suffer by going forward in the instant case without the benefit of a non-binding appellate decision is minimal.

For the foregoing reasons, Defendant's Motion to Stay Further Discovery Pending Decision by the United States Court of Appeals for the Seventh Circuit (ECF No. 53) is DENIED.

**IT IS SO ORDERED,** this 30th day of July, 2015.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE